# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

JAWAID AHMED PARKER,                    §
                                        §
                 Petitioner,            §
vs.                                     §        CIVIL ACTION H-06-2231
                                        §
NATHANIEL QUARTERMAN,                   §
Director TDCJ-CID,                      §
                                        §
                 Respondent.            §

## ORDER

Petitioner Jawaid Ahmed Parker, seeks habeas corpus relief under 28 U.S.C.

§ 2254.  He challenges a conviction in the 221st Judicial District Court of Montgomery

County, Texas.  Respondent Quarterman filed a motion to dismiss on the ground that

Quarterman is not the correct respondent. (Docket Entry No. 10).  Parker has filed a

response.  (Docket Entry No. 11).

Having considered the motion, the record, and applicable authorities, the court

grants respondent's Motion to Dismiss Quarterman.  The reasons for these rulings are

stated below.

## I.      Background

Parker pleaded guilty to the felony offense of tampering with a governmental

document in Cause Number 04-07-05731-CR.  On November 10, 2004, the court

sentenced Parker to a two-year term of community supervision. On June 2, 2005, Parker was convicted of aggravated sexual assault of a child in the 230th Judicial District Court of Harris County, Texas and received a 15-year prison sentence. (Cause Number 996821).

On July 3, 2006, this court received Parker's federal petition. Parker contends that his conviction is void for the following reasons: (1) ineffective assistance; (2) official misconduct; and (3) involuntary guilty plea. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

## II.     Analysis

As noted, Parker has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On July 31, 2006, this court ordered the respondent to file an answer or dispositive motion. (Docket Entry No. 4). On March 31, 2003, the respondent filed a motion to dismiss Nathaniel Quarterman as a respondent. (Docket Entry No. 10). Respondent Quarterman argues that he is not a proper party because Parker challenges a Montgomery County conviction and probation term.

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part:

> (a) Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state

officer who has custody."

The Advisory Committee Notes following Rule 2 provide in part:

> Since the concept of "custody" requisite to the consideration of a petition for habeas corpus has been enlarged significantly in recent years, it may be worthwhile to spell out the various situations which might arise and who should be named as respondent(s) for each situation.
> (1) The applicant is in jail, prison, or other actual physical restraint due to the state action he is attacking. The named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).
> (2) The applicant is on probation or parole due to the state judgment he is attacking. The named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate.

Respondent Quarterman argues that he does not currently have custody of Parker regarding Parker's conviction in the 221st Judicial District Court of Montgomery County, Texas.  Respondent states that he does have custody of Parker on a conviction for aggravated sexual assault of a child in the 230th Judicial District Court of Harris County, Texas.  (Cause Number 996821).

The respondent advises this court that because Parker is on probation, he is in the custody of Melvin Brown, the Executive Director of the Montgomery Community

Supervision and Corrections Department.[1]  Alternatively, respondent explains that Parker should name Kristin Wilson, his probation officer, as the respondent.  The person responsible for representing these individuals is either the District Attorney of Montgomery County or the Montgomery County Attorney.

Accordingly, respondent's motion to dismiss Quarterman as a respondent, (Docket Entry No. 10), is GRANTED.

## III.   Conclusion

Respondent's Motion to Dismiss Quarterman as Respondent, (Docket Entry No. 10), is GRANTED.  Petitioner's motion to withdraw consent to proceed before a United States Magistrate Judge, (Docket Entry No. 12), is DENIED.  Petitioner's motion to supplement petition with documentation, (Docket Entry No. 8), is GRANTED.  All remaining pending motions are DENIED as moot.

SIGNED on November 17, 2006, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1]Through telephone inquiry, the court has learned that Melvin Brown is no longer employed at the Montgomery County Community Supervision and Corrections Department and that Pat Hamm is his replacement.